IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SHAWN MARTIN, Inmate #R17357,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO.  04-384-GPM |
| | ) |
| **ROGER E. WALKER, JR., JASON GARNETT, MR. PULLEY, MAGGIE BRIAN, ROSALIA GONZALEZ, and SHERRY HILE,** | ) ) ) ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Plaintiff, a former inmate in the Lawrence Correctional Center,[1] brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other papers into numbered counts, as shown below. The parties and the Court will use these designations in all future filings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not

---

[1] Plaintiff informed the Court in March 2005 that he was released from Lawrence Correctional Center and now resides in Moline, Illinois.

constitute an opinion as to their merit.[2]

>   **COUNT 1:** Against Defendants Gonzalez and Pulley for inadequate medical care in violation of the Eighth Amendment
>
>   **COUNT 2:** Against Defendants Garnett, Walker, Brian, and Hile for violations of due process in not responding to or improperly handling his grievances.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

>   (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>   (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   >   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   >   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

---

[2] Because Plaintiff has stated few facts and the Court has relied upon the exhibits submitted with the complaint to determine the factual background of the case, it is difficult for the Court to match defendants with the stated claims. A plaintiff, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), must link a defendant with a particular claim so the defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Federal Rule of Civil Procedure 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Based on the factual information described in the exhibits, the Court has determined that Plaintiff states claims against Defendants Gonzalez and Pulley for deliberate indifference to a serious medical need and against Defendants Walker, Garnett, Brian, and Hile for violations of due process in responding to his grievances.

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this complaint are legally frivolous and, thus, subject to summary dismissal.

**FACTUAL ALLEGATIONS**

Plaintiff states that while in the custody of the Illinois Department of Corrections ("IDOC"), he was diagnosed with Hepatitis C and he received inadequate treatment from Defendants for the disease. Plaintiff filed a number of grievances directly with Warden Jason Garnett seeking better medical care. All were denied or ignored at the institutional level. Of those that were appealed, all were denied by the Administrative Review Board (Defendants Hile and Walker). Plaintiff states little else.[3] From the grievances filed with the complaint, however, the Court has gleaned the following. Defendant was diagnosed with Hepatitis C by Defendant Gonzalez in August 2003. At that time he was told that he would be summoned to see Dr. Gonzalez again in November 2003 for treatment. Plaintiff was not satisfied that he would have to wait three months for treatment of his life-threatening disease to begin. He wrote a number of grievances requesting treatment immediately. There is no documentation as to when treatment was begun, but in a grievance dated October 21, 2003, Plaintiff states that he had received vaccines for both Hepatitis A and B and had begun taking interferon and ribavirin daily for treatment. However, in that and other grievances he states that the health care staff had not given him the appropriate doses of the medications and they had "run out" of the medications on several occasions. Plaintiff states that Dr. Gonzalez did not

---

[3] This will not, of course, negatively affect the Court's view of his claims, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (pro se complaints held to less stringent standards), because, "All that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer," *see Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

order enough of the ribavirin tablets for the prisoners at Lawrence and that he did not receive the medications five different times in four months. Plaintiff states that on one occasion he went to get his interferon shot but there was not enough of the medication. Defendants Gonzalez and Pulley discussed what to do and eventually took medication from someone else's vial to give to Plaintiff. Plaintiff received two disciplinary reports regarding complaints about his medical treatment: one for insolence and one for threatening comments made to the nurse distributing medications. Plaintiff states that he was expressing his frustration over the perceived mishandling of his medical care by prison staff.

The Court believes that Plaintiff states essentially two legal claims – one for denial of adequate medical care and one for improper handling of his grievances. Each now will be addressed in turn.

### COUNT 1

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106; *see also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S. Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct.

>   995, 998, 117 L. Ed. 2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters*, 97 F.3d 987, 991-992 (7th Cir. 1996). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

>   [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, … and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit Court of Appeals' decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

>   Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury

instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Based on these standards, Plaintiff's claim of deliberate indifference to his serious medical needs cannot be dismissed at this point in the litigation.

### COUNT 2

Plaintiff claims that all of his grievances concerning his medical care were either ignored or improperly denied by Defendants Walker, Garnett, Brian, and Hile. However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). As such, Plaintiff has not stated a claim of constitutional dimension regarding the grievances. Accordingly, this claim is **DISMISSED with prejudice** from the action. *See* 28 U.S.C. § 1915A. The four defendants associated with this claim also are **DISMISSED with prejudice** as defendants in the action.

### SUMMARY AND CONCLUSION

Plaintiff may proceed on his claim of deliberate indifference to a serious medical need against Defendants Gonzalez and Pulley.

The Clerk of Court is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants ***Gonzalez and Pulley***. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff,

and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants *Gonzalez and Pulley* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former IDOC employees who no longer can be found at the work address provided by Plaintiff, IDOC shall furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise), and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Memorandum and Order upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that Defendant, along with evidence of any attempts to

secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to do so will result in dismissal of this

action under Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED:  07/07/06

s/ G. Patrick Murphy<br>
G. PATRICK MURPHY<br>
Chief United States District Judge